UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
DEC 05 2022

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT LYLE GREY CLOUD,<br><br>Defendant. | 1:91-CR-10011-CBK<br><br>ORDER |

Defendant pleaded guilty to murder and was sentenced to life imprisonment. He appealed his guilty plea and sentence and the United States Court of Appeals for the Eighth Circuit affirmed. United States v. Grey Cloud, 90 F.3d 322 (8th Cir. 1996).

Defendant sent a letter motion for compassionate release under the First Step Act. This case has been categorized as a low priority case. The Public Defender has filed a notice of intent not to supplement the motion.

## DECISION

Defendant contends that compassionate release is warranted by 18 U.S.C. § 3582(c)(1)(A)(ii) which authorizes a reduction in sentence if the defendant is over age 70, has served at least 30 years, and "a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community." No such determination has been made. Defendant submitted a record showing that his recidivism risk is minimum but there is no indication who made that determination and what criteria were employed. It is telling that defendant is housed at FCI Pekin, a medium security facility. The record submitted showing simply that defendant is a minimum recidivism risk is insufficient and is not a finding that defendant is not a danger to the safety of the community. While he is 88 years old and has served over 31 years, he cannot meet the safety of the community criteria.

Defendant's guideline range was calculated as 188 – 235 months. In imposing a life sentence, I determined that:

> [T]he sentencing guidelines range is insufficient and does not take into account
> the particularly heinous nature of this crime and defendant's past criminal history.
> This crime includes the murder of an elderly woman and the mutilation of her

body (including severing the head, both hands and the victim's heart) to conceal her identity and to satisfy the depraved nature of the defendant. Further, the Court finds the defendant would be a danger to society and other elderly people should he ever be released from prison, he having now murdered his second elderly defenseless woman. The Court departs upward for these reasons.

At the sentencing hearing, I stated as a basis for an upward departure that, "given the age of the defendant, that if he were to be released prior to his 80th birthday, or, perhaps, his 81st birthday, and given his previous preference for elderly victims, that he well could be back in the community and, thus, could be a substantial danger to society and to other elderly individuals in society." The reasons for imposing a life sentence instead of a term of years have not changed.

Defendant could also qualify for compassionate release under 18 U.S.C § 3582(c)(1)(A)(1) if there are extraordinary or compelling reasons for a reduction in sentence. Defendant submitted medical records from 2020 showing that he suffers from a number of medical conditions. Defendant's medical conditions are being managed at USP Pekin. Under the circumstances, defendant's current health conditions do not establish extraordinary and compelling reasons justifying his early release.

## ORDER

Based upon the foregoing,

IT IS ORDERED that defendant's motions, Doc. 49, for compassionate release is denied.

DATED this 5th day of December, 2022.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge